UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY C. MOORE,<br><br>             Plaintiff,<br><br>     v.<br><br>JOSH TEWALT; ALBERTO RAMIREZ; TIMOTHY RICHARDSON; RUSSELL ROSS; COREY SEELY; JAMIE AYUSO; MARK WAY; ALLEN GRESICK; KERIN CARROLL; STANLEY WOREL; J. DOE 1; and J. DOE 2,<br><br>             Defendants. | Case No. 1:23-cv-00079-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

### 1.   Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern

pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. *Id*.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review

under § 1915A, the Court has reviewed only the Complaint found at Docket No. 3, not the affidavit or other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(c) ("No affidavits may be attached to a complaint or any type of amended complaint.").

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). On December 24, 2020, six correctional officers—Defendants Way, Gresick, Carrol, Worel, and two unidentified officers—entered Plaintiff's cell, ostensibly to check on Plaintiff, who was difficult to wake up. This difficulty was the result of Plaintiff's medication, and correctional officers generally were aware of this issue.

The officers applied force to wake Plaintiff. Plaintiff awoke and complied with the officers' instructions. However, the officers continued using force even though Plaintiff was not resisting. As a result, Plaintiff's right shoulder was seriously injured.

Defendant Lieutenant Seely, who was aware of the side effects of Plaintiff's medication, learned of the use of force and ordered the officers to stop. Despite these orders, it was not until Seely was physically on his way to Plaintiff's cell that the officers obeyed and ceased the use of force.

Defendants Tewalt, Ramirez, Richardson, Ross, and Ayuso were not involved in the use of force on December 24, 2020. However, some of these Defendants are supervisors in charge of training correctional officers in the use of force, while the others were involved in the investigation conducted after the incident.

**3.   Discussion**

### A.   Section 1983 Claims

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted). A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ*., 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been

deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011). Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Eighth Amendment prohibits prison officials from using excessive force against convicted inmates. Because the Eighth Amendment prohibits only "cruel and unusual" punishment, the use of force amounts to a constitutional violation if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2003). Therefore, a prisoner asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id.*

Not every "malevolent touch" by a prison guard gives rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (internal quotation marks omitted).

A court analyzing whether a prisoner has stated a plausible excessive force claim must consider five factors:

> (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.

*Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020) (internal quotation marks omitted). In considering these factors, the Court may draw inferences "as to whether the use of force could plausibly have been thought necessary" or, instead, whether the use of force "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321 (quotation omitted).[2]

Plaintiff's Complaint, liberally construed, appears to state colorable excessive force claims against the six correctional officers who entered his cell and used force upon him: Defendants Way, Gresick, Carrol, Worel, and the two John Doe Defendants.[3] However, Plaintiff's Eighth Amendment claims against

---

[2] Notably, force that is initially constitutional may, in time, become malicious and sadistic sufficient for an inmate to state a plausible Eighth Amendment claim. For example, an officer who continues using force after an inmate has been restrained might be deemed to have developed a sufficiently culpable state of mind during the course of the incident, even if the initial use of force was justified.

[3] If the true identity of either of the Doe Defendants comes to light during discovery, Plaintiff may move to amend his Complaint to assert claims against those Defendants. Plaintiff should be aware, however, that any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

Lieutenant Seely are implausible. Plaintiff acknowledges that Seely ordered the officers to stop using force once Seely learned of it. This certainly does not meet the subjective standard for an Eighth Amendment claim.

As for the supervisory and investigating officials—Defendants Tewalt, Ramirez, Richardson, Ross, and Ayuso—the Complaint does not contain allegations sufficient to support a reasonable inference that any of these officials was aware of the need for more supervision or training of subordinates and, yet, failed to act to prevent the correctional officers' use of force. *See Connick*, 563 U.S. at 72; *Dougherty*, 654 F.3d at 900. In addition, Plaintiff's dissatisfaction with the way the later investigation into the use of force was conducted does not render the investigators liable under § 1983 for the earlier application of that force.

### B.    State Law Negligence Claims

Plaintiff also asserts negligence claims under Idaho law. The elements of a negligence claim are as follows: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and

---

pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

(4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011).

The Complaint contains sufficient allegations to state plausible negligence claims against all Defendants, and the Court will exercise supplemental jurisdiction over those state law claims. *See* 28 U.S.C. § 1367.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[4] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

---

[4] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under § 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to § 1915A and may be filed only in extraordinary circumstances.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

Plaintiff will be responsible for serving a summons and the Complaint upon Defendants by formal service of process or by obtaining signed waivers of service of summons from each Defendant or their counsel. Plaintiff must do so within 90 days. If he does not, his claims against unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Reply Motion to the Court's Order and Notice of Intent to Dismiss, in which Plaintiff correctly states that he has paid the entire filing fee for this action (Dkt. 15), is NOTED. (Due to an internal processing error, Plaintiff's final fee installment payment was not initially entered on the docket.)

2.   Plaintiff may proceed on his excessive force and state law claims against Defendants as set forth above.

3.   This Order serves as formal notice that Plaintiff must complete one of the two following actions, as to each Defendant, within 90 days:

    a.   Formal Service of Process:

        i.   To obtain a summons from the Clerk of Court, Plaintiff must file a "Request for Issuance of Summonses," which must provide the names and service addresses of each

Defendant to the Clerk of Court. Thereafter, the Clerk of Court will prepare and issue the summonses and provide them to Plaintiff.

ii.    Plaintiff must serve a summons and a copy of the complaint upon each Defendant by formal service of process, *see* Federal Rule of Civil Procedure 4(c). Simply mailing the complaint to the defendants or their lawyers is not sufficient service of process.

iii.   If Plaintiff chooses to use formal service of process, it must be accomplished pursuant to Rule 4(c), including by a person qualified according to Rule 4(c)(2).

iv.    Immediately after service, the person serving the summons and complaint must file a "Return of Service" with the Clerk of Court to show the date, time, manner of service, and person upon whom the documents were served. If this document is not filed during or immediately after the 90-day service deadline, the complaint will be dismissed without prejudice.

b. <u>Waiver of Service of Summons</u>:

    i.    Alternatively, Plaintiff can obtain "Waiver of Service of Summons" forms by requesting them from the Clerk of Court.

    ii.    Plaintiff can prepare and send to each Defendant (not their attorney) a completed waiver form and a copy of the complaint, following Rule 4(d). Plaintiff must enter the date the waiver is being sent to the Defendant on each form before sending the waiver. The Defendant then has 30 days from the date entered on the form to sign and file the waiver if they choose to waive service. Defendants are not required to waive service.

    iii.    Plaintiff must send out the waivers of service exactly as specified in Rule 4(d).

    iv.    If a defendant chooses to waive service, then the defendant will file the waiver of service of summons with the Clerk of Court, and the defendant is obligated to file an answer or permissible pre-answer motion, or the defendant may be subject to entry of default.

v.    If a defendant does not agree to waive service and does not file the waiver of service within the deadline, then the Plaintiff must use formal service of process (see above) to serve each Defendant according to Rule 4 within 90 days after issuance of this Order. If Plaintiff needs an extension of time to accomplish formal service of process after defendants fail to return waivers of service, then Plaintiff must file a "Motion for Extension of Time for Service under Rule 4(m)."

4.    If Plaintiff does not accomplish formal service of process or ensure that a signed waiver of service of summons for each defendant has been filed by the defendant within 90 days after issuance of this Order, all claims against any unserved Defendants will be subject to dismissal without prejudice, with or without additional notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

5.    After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

6.    Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

7.    Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: October 31, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 16