UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY C. MOORE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSH TEWALT; ALBERTO RAMIREZ; TIMOTHY RICHARDSON; RUSSELL ROSS; COREY SEELY; JAMIE AYUSO; MARK WAY; ALLEN GRESICK; KERIN CARROLL; STANLEY WOREL; J. DOE 1; and J. DOE 2,<br><br>　　　　　　　Defendants. | Case No. 1:23-cv-00079-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff is proceeding pro se in this civil rights action. Now pending before the Court is Defendants' Motion to Dismiss under Rule 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. *See* Dkt. 36.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1.

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R.

MEMORANDUM DECISION AND ORDER - 1

Civ. P. 73. *See* Dkt. 49. Accordingly, the Court enters the following order granting in part Defendants' Motion to Dismiss and dismissing some of Plaintiff's claims.

## BACKGROUND

Plaintiff's claims arose when he was incarcerated. Plaintiff claims that, on December 24, 2020, Defendant correctional officers Way, Gresick, Carroll, and Worel—along with two other unidentified officers—used excessive force on Plaintiff in his cell, injuring Plaintiff's right shoulder. Defendant Seely ordered the officers to stop. The other Defendants were supervisors in charge of training correctional officers or were involved in the investigation of the use of force. *See Init. Rev. Order*, Dkt. 17, at 4–5.

Plaintiff filed the Complaint in this case, at the earliest, on February 20, 2023.[1] Plaintiff has since been released from prison.

The Court previously reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A and permitted Plaintiff to proceed on his excessive force claims, under 42 U.S.C. § 1983, against Defendants Way, Gresick, Carroll, and Worel.[2] Plaintiff was also allowed to proceed on his state law negligence claims against all Defendants. *Id*. at 9–11.

Defendants now assert numerous bases for dismissal of Plaintiff's claims, which the Court reorders for purposes of this decision.

---

[1] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date the clerk actually receives it. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions).

[2] The Court also concluded that the Complaint stated plausible excessive force claims against the two unidentified correctional officers. However, the identities of these Defendants remain unknown.

MEMORANDUM DECISION AND ORDER - 2

First, Defendants contend that Plaintiff's injunctive and declaratory relief claims are non-justiciable—meaning that a court of law is incapable of resolving them—due to Plaintiff's release from prison. *Id*. at 5–6.

Second, Defendants argue that Plaintiff's official-capacity claims, as well as Plaintiff's state law negligence claims, are barred by the Eleventh Amendment to the United States Constitution. *Id*. at 4–6, 10–11.

Third, Defendants assert that Plaintiff's claims are barred by the statute of limitations. *Defs' Memo. in Supp*., Dkt. 36-1, at 6–10.

Fourth, Defendant Seeley asserts the Complaint fails to state a claim against him on which relief may be granted. *Id*. at 11–13.

Fifth, Defendants contend that Plaintiff's negligence claims must be dismissed for lack of proper service. *Id*. at 13–14.

Finally, Defendants argue that Plaintiff was required to post a bond for his state law claims. *Id*. at 14–15.

## DISCUSSION

**1.      Standard of Law Governing Defendants' Motion to Dismiss**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1988). Dismissal is also appropriate where the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 at n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

A complaint fails to state a claim for relief if the factual assertions in the complaint are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, a complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice …." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

MEMORANDUM DECISION AND ORDER - 4

In addition to Rule 12(b)(6), Defendants move for dismissal under Rule 12(b)(1) and (5). These subsections provide, respectively, for dismissal for lack of subject matter jurisdiction and insufficient service of process.

**2.     Any Claims for Injunctive and Declaratory Relief Must Be Dismissed as Moot**

Defendants argue that Plaintiff's release from prison renders his injunctive and declaratory relief claims non-justiciable. *Defs' Memo. in Supp*. at 5–6. Although Defendants make their argument in terms of standing, the doctrine of mootness is the more appropriate analysis, as Plaintiff was incarcerated when he filed the Complaint. *See Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005), *abrogated in part on other grounds by Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010) ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint.").

Since the filing of the Complaint in this action, Plaintiff has been released from prison. Because Plaintiff "is no longer subject to the prison conditions … he challenges," any claims for injunctive and declaratory relief are moot. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) ("Johnson was transferred to a federal correctional facility in Washington. Because he has demonstrated no reasonable expectation of returning to [his previous correctional facility], his claims for injunctive relief relating to [that facility's] policies are moot."); *Rhodes v. Stewart,* 488 U.S. 1, 2–4 (1988) (per curiam) (holding that declaratory judgment was moot because "[a] modification of prison policies … could not in any way

have benefited either plaintiff, one of whom was dead and the other released" before entry of judgment).

Accordingly, Plaintiff's claims for prospective relief must be dismissed.

## 3. Plaintiff's Official Capacity Claims, as well as Plaintiff's State Law Negligence Claims, Are Barred by the Eleventh Amendment

Defendants argue that Plaintiff's official capacity claims, as well as all of his state law negligence claims, must be dismissed under the Eleventh Amendment. The Court agrees.

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of the state's Eleventh Amendment immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979).

The Eleventh Amendment does not allow for claims against state officials in their official capacities. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992). Therefore, all of Plaintiff's claims against Defendants in their official capacities must be dismissed. Plaintiff's § 1983 claims against Defendants "in their *personal* capacities" are not barred by the Eleventh Amendment. *Id*.

However, Plaintiff's claims of negligence under Idaho state law *are* subject to dismissal under the Eleventh Amendment. The Idaho Tort Claims Act (ITCA), Idaho Code §§ 6-901 *et seq*., does not waive Idaho's sovereign immunity against tort claims in federal court. *Richardson v. Idaho Dep't of Health & Welfare*, No. 2:10-CV-00648-

BLW, 2012 WL 667874, at *2 (D. Idaho Feb. 10, 2012) (unpublished) ("While the ITCA waives sovereign immunity generally, it does not expressly subject the state of Idaho to suit in federal court. Therefore, the ITCA does not waive Idaho's Eleventh Amendment immunity.").

The Eleventh Amendment bars claims not only against the State, but also claims for damages against state employees if liability on the claims would "be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *abrogated on other grounds as stated in Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989). The ITCA provides that the State of Idaho is "responsible for the payment of any judgment on any claim or civil lawsuit against an employee for money damages arising out of any act or omission within the course and scope of his employment." Idaho Code § 6-903(2)(i).

Defendants are all employees of the IDOC, which is an arm of the state for purposes of Eleventh Amendment immunity. *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) ("[T]he department of corrections [is] 'an executive department of the state government' under the Idaho Constitution.") (quoting Idaho Code § 20-201). Plaintiff does not argue that Defendants were not acting within the course and scope of employment. Thus, because any monetary damages on Plaintiff's negligence claims against Defendants "would have to be paid out of the state treasury," *id.*, those claims are barred by the Eleventh Amendment.

Because Plaintiff's negligence claims for damages must be dismissed under the Eleventh Amendment—and because all of Plaintiff's claims for prospective relief are

MEMORANDUM DECISION AND ORDER - 7

moot, as explained above—the Court need not address Defendants' arguments that (1) Plaintiff's negligence claims are untimely, (2) Defendants were not properly served as required by the ITCA with respect to Plaintiff's negligence claims, (3) the Complaint fails to state a plausible negligence claim against Defendant Seely, or (4) Plaintiff was required to post a bond for his negligence claims.

**4.      Plaintiff's § 1983 Claims Are Not Barred by the Statute of Limitations**

Defendants assert that Plaintiff's excessive force claims are untimely. Defendants are mistaken.

In Idaho, the statute of limitations period for § 1983 claims is two years. *See* Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985) (holding that the statute of limitations period for § 1983 claims is the statute of limitation period for personal injuries in the state where the claim arose), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Though state law governs the limitations period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted).

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or paused) for a certain period of time during the deadline period within which he should have filed the lawsuit. Pursuant to the Prison

Litigation Reform Act ("PLRA"), the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

Plaintiff was subjected to the allegedly excessive use of force on December 24, 2020. Thus, absent tolling, his Complaint would have been due no later than December 24, 2022.

However, Plaintiff is entitled to tolling of the statute of limitations while he was exhausting his administrative remedies. *See Brown,* 422 F.3d at 943. Plaintiff instituted the administrative grievance process with respect to Defendants Way, Gresick, Carroll, and Worel on December 25, 2020—the day after his excessive force claims arose. *See Ex. 1 to Compl.*, Dkt. 3-4, at 2–5. The administrative grievance process was not concluded until March 4, 2021, when Plaintiff's grievance appeal was denied. *See Ex. 3 to Compl.*, Dkt. 3-6, at 2–6.

Accordingly, under the PLRA, Plaintiff had until March 4, 2023, to assert his § 1983 claims. Plaintiff's § 1983 claims, as set forth in the Complaint filed on February 20, 2023, are timely.

## CONCLUSION

For the foregoing reasons, the following claims will be dismissed: (1) all of Plaintiff's claims for injunctive or declaratory relief; (2) all of Plaintiff's official capacity claims; and (3) Plaintiff's state law claims, which include all claims against Defendants Tewalt, Ramirez, Richardson, Ross, Seely, and Ayuso.

The following claims remain: Plaintiff's § 1983 claims of excessive force, for monetary damages, against Defendants Way, Gresick, Carroll, and Worel, in their individual capacities.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 36) is GRANTED IN PART and DENIED IN PART as set forth above. Because all claims against Defendants Tewalt, Ramirez, Richardson, Ross, Seely, and Ayuso are dismissed, these Defendants are terminated as parties to this action.

2. The remaining Defendants must file an answer with respect to Plaintiff's remaining claims within 21 days after entry of this Order.

DATED: October 25, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge